# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of:

Verbatim brand CD-R disc currently located in the locked desk of FBI TFO Christina Porter, in the custody of FBI-Milwaukee Division Office, located at 3600 S. Lake Drive, St. Francis, Wisconsin.

Case No. 16-M-1275

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

Verbatim brand CD-R disc currently located in the locked desk of FBI TFO Christina Porter, in the custody of FBI-Milwaukee Division Office, located at 3600 S. Lake Drive, St. Francis, Wisconsin, see Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

Evidence of possession, distribution and receipt of child pornography.
See Attachment B

The basis for the search under Fed. R. Crim P. 41(c) is:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18 United States Code Section 2252A

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Christina Porter*
Applicant's signature

Task Force Officer Christina M. Porter, FBI
Printed Name and Title

Sworn to before me and signed in my presence:
Date: 6/23/16

*William E. Duffin*
Judge's signature

City and State: Milwaukee, Wisconsin

Honorable William E. Duffin, U.S. Magistrate Judge
Printed Name and Title

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

## INTRODUCTION

I, Christina M. Porter, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a law enforcement officer with the West Allis Police Department since May of 2004, and have been a Detective with the Sensitive Crimes Unit (SCU) for approximately three years. I am currently assigned to the Child Exploitation Task Force (CETF) with the Federal Bureau of Investigation (FBI) out of the Milwaukee Field Office. While employed by the West Allis Police Department, in conjunction with the FBI, I have investigated federal and state criminal violations related to child exploitation and child pornography. I have gained experience in the conduct of such investigations through prior investigations, formal training, and in consultation with law enforcement partners in local, state, and federal law enforcement agencies. I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in forms of computer media. I am a FBI Task Force law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by the Attorney General to request a search warrant.

2. This affidavit is being submitted in support of an Application for a Search Warrant for a Verbatim brand CD-R disc provided to the National Center for Missing and Exploited Children (NCMEC) by the electronic service provider Twitter, for evidence of violations of Title 18, United States Code (USC) 2252A, entitled "Certain activities relating to material constituting or

1

containing child pornography." The CD-R disc is currently in the custody of FBI-Milwaukee Division Office, in my locked desk, located at 3600 S. Lake Drive, St. Francis, Wisconsin. I request authority to search the entire contents of the CD-R disc. Based upon the information summarized in this affidavit, I have reason to believe that evidence of such violations may be present on the CD-R disc.

3. The information contained in this affidavit is based in part on: information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the service of subpoenas; independent investigation and analysis by FBI agents/analysts and my experience, training and background as a Task Force Officer with the FBI and a Detective with the West Allis Police Department. Since this affidavit is being submitted for the limited purpose of securing the requested search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested warrant.

## DEFINITIONS

4. The following definitions apply to this Affidavit and attachments hereto:

   a. "Child Erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, legally obscene or that do not necessarily depict minors in sexually explicit conduct.

   b. "Child Pornography," as used herein, is defined in 18 U.S.C. § 2256(8) as any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual

2

depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

c. The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

d. "Internet Service Providers" ("ISPs"), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer a range of options in providing access to the Internet including telephone based dial-up, broadband based access via digital subscriber line ("DSL") or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, which the connection supports. Many ISPs assign each subscriber an account name – a user name or screen name, an "e-mail address," an e-mail mailbox, and a personal password selected by the subscriber. By using a computer equipped with a modem, the subscriber can establish communication with an Internet Service Provider ("ISP") over a telephone line, through a cable system or via satellite, and can access the Internet by using his or her account name and

3

personal password.

e. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet. IP addresses are also used by computer servers, including web servers, to communicate with other computers.

f. "Minor" means any person under the age of eighteen years. See 18 U.S.C. § 2256(1).

g. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

h. "URL" is an abbreviation for Uniform Resource Locator and is another name for a web address. URLs are made of letters, numbers, and other symbols in a standard form. People use them on computers by clicking a pre-prepared link or typing or copying and pasting one into a web browser to make the computer fetch and show some specific resource (usually a web page) from another computer (web server) on the Internet.

i. "Website" consists of textual pages of information and associated graphic images.

4

The textual information is stored in a specific format known as Hyper-Text Mark-up Language ("HTML") and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol ("HTTP");

**BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE**

5. On June 14, 2016 I was assigned to follow-up on a lead from the FBI-Chicago office, from Task Force Officer Jacqueline Lazzara that stems from a child pornography investigation she had conducted.

6. TFO Lazzara, while investigating a separate incident, conducted an interview with Daniel Santiago (hereinafter "Santiago") in Illinois. During the interview Santiago stated he was communicating with two boys online, whom he believed to be minors, named CH (full name is known to law enforcement) and Xavier Douglas. Santiago said he had sent gifts totaling $12,000 to CH and approximately $400 and an X-Box to Xavier Douglas. Santiago sent gift cards to CH through CH's email account of Claytyhains@gmail.com. Santiago said Xavier's email address is xavier@gmail.com. He communicated with CH and Xavier Douglas on Twitter and KIK Messenger.

7. Santiago stated during the interview he thought CH resided in Pennsylvania and Xavier Douglas lived in Waukesha, Wisconsin. TFO Lazzara determined that a juvenile boy named CH did reside in Pennsylvania and a lead was sent to Agents in Pennsylvania to locate and interview CH. CH's parents were interviewed and a forensic interview was conducted with CH. CH is currently 16 years old.

8. During the forensic interview, CH stated he did not recognize Daniel Santiago's name, usernames, or photos. CH stated that in the fall of 2014 he met an individual on KIK (a free

5

instant messenger application for mobile devices which is known for its features preserving users' anonymity) who he thought was a female juvenile of his own age. The individual used the screen name of "littlelainey12" while communicating with CH via KIK.

9. CH stated in his interview that "littlelainey12" sent him pictures of herself, which he believed were not real, and CH sent "littlelainey12" photos of himself, including nude photos, back. Over time, "littlelainey12" threatened CH that if he didn't send more photos, "littlelainey12" would put CH's nude photos on the Internet. CH sent additional photos of himself to "littlelainey12" using a dropbox account provided by "littlelainey12." At times CH would send 250 photos to "littlelainey12."

10. CH reported that he observed his photos on the Internet, specifically on Twitter. CH's mother, SH (full name known by law enforcement), also saw websites with CH's photos and reported it. The National Center for Missing and Exploited Children (NCMEC) has a report of a Twitter account called "clayexposed" that comes back to thexavier@ail.com. The NCMEC Cybertip number is 8148311.

11. TFO Lazzara advised that based on her investigation, it appears the individual behind the account "littlelainey12" forced CH into taking photos and used CH's identity to talk to Daniel Santiago. TFO Lazzara served a subpoena for information concerning claybaby34@gmail.com, one of the email addresses CH provided during his forensic interview, as an email address being associated with him, but were unfamiliar to CH. The information provided revealed claybaby34@gmail.com is registered to a recovery email of xdouglas177@gmail.com and to an IP address of 65.30.129.50. TFO Lazzara also served a subpoena for claythain@gmail.com, which was provided by CH during his forensic interview, and it is registered to the same IP

6

address of 65.30.129.50.   CH advised he has never created a gmail account for himself.

12.     The IP address of 65.30.129.50 comes back to Time Warner Cable.  TFO Lazzara sent a subpoena to Time Warner Cable for this IP address and the IP address is registered to Marcy Wolfe of 2232 Northview Road, Waukesha, Wisconsin and has been an active account since February 1, 2009.  When TFO Lazzara tried to find out who Xavier Douglas could be, she found a police report from Jefferson County (#2014CF000018) for criminal trespass.  Xavier Douglas is currently on probation for this offense.

13.     The NCMEC Cybertip reported that the IP address of 65.30.129.50 was used to create the "clayexposed" Twitter account on December 1, 2015 at 04:40UTC.

14.     The NCMEC Cybertip was forwarded to TFO Lazzara and included two discs.  One disc contained the Cypertip report and 6 images of child pornography of CH.  Three of the images appeared to be "selfies" of CH which revealed his face, and his pants were around his thighs and he was holding his penis.  The other 3 images of CH focus on his penis.  The second disc, the Verbatim CD-R disc, contains a .zip file of contents from the Twitter account "clayexposed."  The Verbatim CD-R disc has not been examined by law enforcement, and it is the item for which I am requesting a search warrant.

15.     On June 15, 2016, I reviewed all of the supplemental information provided with the lead from TFO Lazzara.  It is TFO Lazzara's belief, based on her investigation, that whoever is using the IP address of 65.30.129.50 is "littlelainey12" and forced CH to take child pornographic pictures of himself and then used CH's identity and photos to talk to Daniel Santiago, and coered him to send gifts valued at $12,000.  I ran an NCIC/DOT check and an Accurint check on Xavier Douglas.  I located two possible addresses for Xavier in Waukesha, Wisconsin, one being 2232

7

Northview Road in Waukesha. I learned from Xavier's NCIC record that he is on probation.

16. On June 15, 2016, I made contact with Xavier's probation agent, Tracy Kaczek. Agent Kaczek advised that she conducts home visits and Xavier's residence is 2232 Northview Road in Waukesha. According to the agent, he resides with his sister and her family. Xavier's sister is Marcy Wolfe, which is where the IP address in question lists to (see paragraph 12 above).

17. Based on the information provided by TFO Lazzara, the information and records provided in the NCMEC Cybertip, I believe there is evidence located within the content of the CD-R disc provided by Twitter to the NCMEC related to the above-described crimes.

# ATTACHMENT A

Verbatim brand CD-R disc currently located in the locked desk of FBI TFO Christina Porter, in the custody of FBI-Milwaukee Division Office, located at 3600 S. Lake Drive, St. Francis, Wisconsin, hereinafter referred to as "the Device."

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, Sections 2252A and 2256, including:

   Any and all images, videos, tweets, links, text, or chat logs related to the possession, distribution or receipt of child pornography.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.